NOT YET SCHEDULED FOR ORAL ARGUMENT

No. 25-5363

# In the United States Court of Appeals for the District of Columbia Circuit

THE LOUIS D. BRANDEIS CENTER, INC., D/B/A THE LOUIS D. BRANDEIS
CENTER FOR HUMAN RIGHTS UNDER LAW, AND
JEWISH AMERICANS FOR FAIRNESS IN EDUCATION,
PLAINTIFFS-APPELLANTS,

*v.*

UNITED STATES DEPARTMENT OF EDUCATION; LINDA MCMAHON,
IN HER OFFICIAL CAPACITY AS SECRETARY, UNITED STATES
DEPARTMENT OF EDUCATION; KIMBERLY RICHEY, IN HER
OFFICIAL CAPACITY AS ASSISTANT SECRETARY,
UNITED STATES DEPARTMENT OF EDUCATION;
DEFENDANTS-APPELLEES.

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA (CIV. NO. 24-1982)
(THE HONORABLE RUDOLPH CONTRERAS, J.)*

## BRIEF OF APPELLANTS

MITCHELL D. WEBBER
ANDREW J. TOPAL
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  *2001 K Street, NW*
  *Washington, DC 20006*

GREGORY F. LAUFER
ROBERT N. KRAVITZ
KATHLEEN H. PIERRE
NOAH N. COHEN
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  *1285 Avenue of the Americas*
  *New York, NY 10019*
  *(212) 373-3000*
  *glaufer@paulweiss.com*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

I, Gregory F. Laufer, counsel for appellants The Louis D. Brandeis Center, Inc., d/b/a The Louis D. Brandeis Center for Human Rights Under Law, and Jewish Americans for Fairness in Education and a member of the Bar of this Court, certify as follows:

**(A)  Parties and amici.**  The parties that appeared before the District Court and are participating in this appeal are The Louis D. Brandeis Center, Inc., d/b/a The Louis D. Brandeis Center for Human Rights Under Law; Jewish Americans for Fairness in Education; the U.S. Department of Education; Linda McMahon, in her official capacity as Secretary, U.S. Department of Education; and Kimberly Richey, in her official capacity as Assistant Secretary, U.S. Department of Education.

**(B)  Rulings under review.**  The ruling under review is the District Court's order and memorandum opinion of August 11, 2025, Dkt. Nos. 16 and 17, dismissing the case, issued by the Honorable Rudolph Contreras.  The opinion is not reported but is available at 2025 WL 2305865 and is reproduced at pages 104-118 of the appendix.

**(C)  Related cases.**  Counsel for appellants is not aware of any cases related to this appeal within the meaning of Circuit Rule 28(a)(1)(C).

i

/s/ Gregory F. Laufer

GREGORY F. LAUFER

MARCH 23, 2026

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Circuit Rule 26.1, the undersigned certifies that appellants The Louis D. Brandeis Center, Inc., d/b/a The Louis D. Brandeis Center for Human Rights Under Law (the "Brandeis Center"), and Jewish Americans for Fairness in Education are nonprofit organizations for which there are no publicly held corporations that own 10% or more of either of their stock.

The Brandeis Center is an independent, unaffiliated, nonprofit corporation established to advance the civil and human rights of the Jewish people and promote justice for all. Jewish Americans for Fairness in Education is a membership organization launched by the Brandeis Center and whose mission is to eliminate anti-Semitism and other forms of discrimination in education and to ensure fairness in education for Jewish, Israeli, and all Americans, through lawful means including litigation.

# TABLE OF CONTENTS

Page

INTRODUCTION ...........................................................................................1

STATEMENT OF JURISDICTION...........................................................3

STATEMENT OF THE ISSUE...................................................................4

STATEMENT OF THE CASE .....................................................................4

SUMMARY OF ARGUMENT....................................................................11

ARGUMENT .................................................................................................11

    A.    The Standard of Review.................................................................11

    B.    The District Court Erred in Dismissing Count I of the Complaint Because It Misconstrued the Nature of the Claim..........................................................................................................12

CONCLUSION..............................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Banneker Ventures, LLC* v. *Graham,*
798 F.3d 1119 (D.C. Cir. 2015)...................................................................11

*Bell Atlantic Corp.* v. *Twombly,*
550 U.S. 544 (2007)...................................................................................11

*Council of & for the Blind of Delaware Cnty. Valley, Inc.* v.
*Regan,*
709 F.2d 1521 (D.C. Cir. 1983) (*en banc*) .............................................10

*Federal Communications Comm'n* v.
*Fox Television Stations, Inc.,*
556 U.S. 502 (2009)............................................................................13, 16

*Joyner* v. *Morrison and Foerster LLP,*
140 F.4th 523 (D.C. Cir. 2025) ...................................................................4

*McKenna* v. *Weinberger,*
729 F.2d 783 (D.C. Cir. 1984)...............................................................13, 14

*Pearl River Union Free Sch. Dist.* v. *King,*
214 F. Supp. 3d 241 (S.D.N.Y. 2016)........................................................16

*SAI* v. *Dep't of Homeland Sec.,*
149 F. Supp. 3d 99 (D.D.C. 2015) ..................................................14, 15, 17

*Salem Hosp. Corp.* v. *NLRB,*
808 F.3d 59 (D.C. Cir. 2015)......................................................................16

*Washington Legal Foundation* v. *Alexander,*
984 F.2d 483 (D.C. Cir. 1993).....................................................................10

*Women's Equity Action League* v. *Cavazos,*
906 F.2d 742 (D.C. Cir. 1990)....................................................10, 13, 15, 17

# STATUTES

Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*
.................................................... 1, 4, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17

    5 U.S.C. § 702 ..................................................................... 4, 8, 9, 13

    5 U.S.C. § 704 ................................................................ 2, 4, 10, 11, 13

    5 U.S.C. § 706 ..................................................................... 2, 4, 8, 14

28 U.S.C. § 1291 ............................................................................... 3

28 U.S.C. § 1331 ............................................................................... 3

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*
.................................................... 1, 2, 4, 6, 7, 9, 10, 11, 12, 13, 15, 16

Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*

    29 U.S.C. § 794(a).......................................................................... 14, 15

**INTRODUCTION**

This appeal is from a decision of the District Court dismissing a claim of Plaintiffs-Appellants The Louis D. Brandeis Center, Inc., d/b/a The Louis D. Brandeis Center for Human Rights Under Law (the "Brandeis Center"), and Jewish Americans for Fairness in Education that the Department of Education (the "Department") violated the Administrative Procedure Act ("APA") by shutting down a civil rights investigation of the University of Pennsylvania ("Penn") in violation of the Department's own Case Processing Manual.

In November 2023, the Department agreed to investigate allegations by the Brandeis Center that Penn was allowing and fostering an environment of egregious anti-Semitism on campus both before and in the wake of the October 7, 2023, Hamas massacre, in violation of Title VI of the Civil Rights Act. But less than two months later, the Department reversed course and closed its investigation.

The Department said that it was ending its investigation because two Penn students had brought a private civil rights action against Penn based on similar allegations. But that decision to shut down the investigation directly and indisputably violated the Department's Case Processing Manual, which

1

provided for termination of a civil rights investigation on the basis of a parallel private civil rights action *only if the parallel action is a class action*, not an individual action like the suit the two Penn students brought.

Plaintiffs brought this action to remedy that misconduct by the Department, alleging that it constituted arbitrary and capricious action in violation of Section 706 of the APA. The District Court incorrectly granted the Department's motion to dismiss the complaint based on a mistaken premise as to the nature of Plaintiffs' claim.

The District Court said that Plaintiffs were trying to compel the Department to enforce Title VI in regard to Penn. The Court ruled that Section 704 of the APA barred such a claim, because Plaintiffs had an adequate alternative remedy in court—namely, their own private civil rights action against Penn.

But that is not the basis of Plaintiffs' claim. Plaintiffs are not seeking to compel the Department to enforce Title VI, but rather to comply with its own administrative rules, as set forth in its Case Processing Manual. As courts in this Circuit have recognized, that is a distinct claim against the Department under Section 706 of the APA for which a private civil action

2

against Penn is not an adequate remedy.  The District Court's dismissal of the claim was therefore incorrect and should be reversed.

## STATEMENT OF JURISDICTION

On July 9, 2024, Plaintiffs filed a complaint in the United States District Court for the District of Columbia and invoked that court's jurisdiction pursuant to 28 U.S.C. § 1331.  App'x at 4-35.  On August 11, 2025, the District Court entered an order granting Defendants' motion to dismiss the complaint.  App'x at 103.  Plaintiffs filed a timely notice of appeal on October 10, 2025.  App'x at 119.  This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether Section 704 of the Administrative Procedure Act ("APA"), which bars claims where there is an alternative remedy in court, bars claims under Sections 702 and 706 of the APA that an agency violated its own rules.

## STATEMENT OF THE CASE[1]

### *The Parties*

Plaintiff The Louis D. Brandeis Center, Inc., d/b/a The Louis D. Brandeis Center for Human Rights Under Law (the "Brandeis Center"), is a nonprofit, non-partisan corporation established in 2011 to advance the civil and human rights of the Jewish people and promote justice for all. Plaintiff Jewish Americans for Fairness in Education is a national membership organization that is housed within and operated by the Brandeis Center. App'x at 10-11.

Defendant the U.S. Department of Education (the "Department"), through its Office for Civil Rights ("OCR"), is responsible for enforcing Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* ("Title VI") and, as a federal agency, is subject to the Administrative Procedure Act ("APA").

---

[1] On review of a decision on a motion to dismiss, the facts alleged in the complaint are accepted as true. *Joyner* v. *Morrison and Foerster LLP*, 140 F.4th 523, 527 (D.C. Cir. 2025).

Defendant Linda McMahon is Secretary of the Department and Defendant Kimberly Richey is Assistant Secretary.[2]

### *Anti-Semitism at the University of Pennsylvania*

A tsunami of anti-Semitism has swept the United States since the Hamas massacre in Israel on October 7, 2023. That bigotry has manifested in a particularly acute and virulent way on college campuses, where masked protestors openly supporting Hamas and the killing of Jews built encampments, took over buildings, and physically and verbally harassed and abused students, professors, and administrators. App'x at 6, 37-61.

The University of Pennsylvania ("Penn") stood by and enabled blatantly anti-Semitic activities to infect its campus even before the October 7 massacre. Among other things, it sponsored, hosted, and funded a so-called "Palestine Writes Festival," which featured multiple speakers with well-documented histories of anti-Semitism but no significant literary experience, including ones who referred to Israel as "one big, militarized tumor" and "the contemporary face of Nazism and white supremacy." Penn then permitted

---

[2]     Secretary McMahon and Assistant Secretary Richey were not in office at the time Plaintiffs brought this action. They are named as defendants now as the successors to their offices, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

such activities to intensify following the horrific October 7 slaughter—the single worst massacre of Jews since the Holocaust. App'x at 6, 14.

### *The Brandeis Center Presses the Department to Take Action Against Penn*

The Brandeis Center brought the deteriorating situation at Penn—and the Penn administration's enabling of it—to OCR's attention. On November 9, 2023, the Brandeis Center filed a 27-page complaint with OCR detailing the anti-Semitic incidents at Penn as of that date and the university administration's failure to stop them. App'x at 20-21.

The complaint catalogued a pattern of anti-Semitic incidents at Penn both before and after the October 7, 2023, Hamas attack on Israel, as well as Penn's failure to respond to those incidents. App'x at 37-63.

### *The Department Opens a Title VI Investigation*

In response to the Brandeis Center complaint, by letter dated November 15, 2023, OCR notified the Brandeis Center that it was opening an investigation into "[w]hether [Penn] failed to respond to alleged harassment of students and staff on the basis of national origin in a manner consistent with the requirements of Title VI." App'x at 21, 65.

The Department's letter stated that "OCR will ensure that its investigation is legally sufficient and fully responds to the allegation in

accordance with the provisions of the Case Processing Manual" ("CPM") then in effect. App'x at 21, 65. The letter included a hyperlink to the CPM. App'x at 21, 65.

***The Department Reverses Course and Shuts Down Its Investigation***

Less than two months later, on January 2, 2024, the Department reversed course by dismissing the Brandeis Center complaint and closing its investigation of Penn. App'x at 22, 101-102.

The Department stated that it was dismissing the complaint and closing its investigation because two undergraduate students at Penn had filed their own Title VI lawsuit against Penn in an action entitled *Yakoby* v. *University of Pennsylvania*, No. 2:23-cv-04789 (E.D. Pa.). App'x at 101.

In its Notice of Dismissal of the Brandeis Center complaint, OCR noted that Section 110(h) of the CPM authorized OCR to dismiss a complaint "[w]here a class action with the same allegation(s) has been filed against the same recipient" and "the relief sought is the same as would be obtained if OCR were to find a violation." App'x at 79, 101.

OCR acknowledged that *Yakoby* was *not* a class action, as was plainly required to close an investigation pursuant to Section 110(h) of the

CPM.  But OCR stated that it would be closing the investigation pursuant to Section 110(h), nonetheless.  App'x at 101.

Prior to the January 2, 2024, Notice of Dismissal, the Department did not provide the Brandeis Center with any notice that the Department was considering dismissing the Brandeis Center's complaint and ending the Department's investigation.  Nor did it provide the Brandeis Center with an opportunity to be heard as to why dismissal was improper either before or after the Department issued its Notice of Dismissal.  App'x at 22-23.

***Plaintiffs Bring This Action Against the Department for Violating the APA***

In July 2024, Plaintiffs brought this action against Defendants, alleging, among other things, that Defendants' dismissal of the Brandeis Center complaint was arbitrary and capricious in violation of the APA.[3]  *See* App'x at 25, ¶ 85 ("OCR's dismissal of the investigation of the Brandeis Center

---

[3]    Section 702 of the APA provides in pertinent part:  "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.  Section 706 provides in pertinent part:  "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—. . . hold unlawful and set aside agency action, findings, and conclusions found to be— arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]"  5 U.S.C. § 706(2)(A).

complaint that it had already initiated was arbitrary and capricious in violation of 5 U.S.C. § 702.").

Specifically, Plaintiffs alleged that the Department's action was arbitrary and capricious because it was in violation of the Department's own Case Processing Manual, which did not authorize dismissal of a complaint based on the filing of a parallel Title VI lawsuit filed by individuals seeking relief on behalf of themselves, as opposed to a parallel *class action* lawsuit.[4] App'x at 25-29; *see also* App'x at 23-25 (alleging that the APA provides the "relevant legal framework").

***The District Court Grants Defendants' Motion to Dismiss the Complaint***

On October 25, 2024, Defendants moved to dismiss the Complaint for failure to state a claim for relief. The District Court granted the motion for the reasons discussed in a memorandum opinion dated August 11, 2025 (the "Opinion") and entered an order dismissing the Complaint the same day. App'x at 103-118.

---

[4] Plaintiffs also alleged that the Department violated the APA by failing to comply with notice and comment requirements in connection with its elimination of appeal rights for dismissal of complaints in its Case Processing Manual (Count II) and violated due process by not offering an appeal right (Count III). App'x at 29-32.

The District Court explained that it was dismissing Plaintiffs' claim that the Department violated its own procedures (Count I) based on Section 704 of the APA, 5 U.S.C. § 704, which provides for judicial review of agency actions only if "there is no other adequate remedy in a court." App'x at 110 (quoting 5 U.S.C. § 704).

The District Court said that "[t]he operative question is whether Plaintiffs can use the APA to compel OCR to enforce Title VI." App'x at 110. It then said that "Plaintiffs do not dispute that they have access to a private right of action against Penn" and ruled that "[t]hat alternative remedy precludes their APA claim." App'x at 110-111.

Purportedly in support, the District Court principally cited *Women's Equity Action League* v. *Cavazos*, 906 F.2d 742 (D.C. Cir. 1990) ("*WEAL*"), *Washington Legal Foundation* v. *Alexander*, 984 F.2d 483 (D.C. Cir. 1993), and *Council of & for the Blind of Delaware Cnty. Valley, Inc.* v. *Regan*, 709 F.2d 1521 (D.C. Cir. 1983) (*en banc*). App'x at 110-111.[5]

---

[5] The District Court also dismissed Counts II and III of the Complaint. App'x at 112-118. Plaintiffs are not appealing from the dismissal of those counts.

## SUMMARY OF ARGUMENT

The District Court's decision was based on a mistaken premise. The court said the Plaintiffs are seeking to compel the Department to enforce Title VI against Penn. The court therefore ruled that Section 704 of the APA bars the claim, because a private civil action against Penn would be an adequate alternative remedy.

The District Court was wrong. Plaintiffs' suit does not ask the court to compel the Department to enforce Title VI against Penn. Rather, Plaintiffs are bringing an APA claim against the Department on the ground that the Department violated its own procedural rules by closing its investigation of Penn. As courts in this Circuit have held, that is a claim that may be brought only under the APA, and for which there is no alternative remedy whatsoever, let alone an adequate alternative remedy.

## ARGUMENT

### A. The Standard of Review

A district court's grant of a Rule 12(b)(6) motion is reviewed *de novo*, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences from those allegations in plaintiffs' favor. *Banneker Ventures, LLC* v. *Graham*, 798 F.3d 1119, 1128-1129 (D.C. Cir. 2015) (citing *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007)).

11

**B. The District Court Erred in Dismissing Count I of the Complaint Because It Misconstrued the Nature of the Claim**

In the Background section of its Opinion, the District Court correctly stated that Count I "alleges that OCR's dismissal of [the Brandeis Center's complaint to OCR] was arbitrary and capricious under the APA because Section 110(h) of the [Case] Processing Manual does not authorize dismissal based on non-class action parallel lawsuits, and because the dismissal was unreasoned." App'x at 107. The District Court also correctly stated that "OCR conceded that the *Yakoby* complaint was 'not filed as a class action.'" App'x at 106.

But the District Court veered off course in its legal analysis. It stated that "[t]he operative question is whether Plaintiffs can use the APA to compel OCR to enforce Title VI." App'x at 110. In fact, that was *not* the operative question.

Nowhere in Plaintiffs' complaint do they seek to compel the Department to enforce Title VI. Rather, Plaintiffs seek to remedy the Department's violation of the APA itself, which involved improperly dismissing the Brandeis Center's administrative complaint and closing OCR's investigation of Penn in clear violation of the Department's own Case Processing Manual. *See* App'x at 25, ¶ 85 ("OCR's dismissal of the

12

investigation of the Brandeis Center complaint that it had already initiated was arbitrary and capricious in violation of 5 U.S.C. § 702.").

The difference is critical. As the District Court noted, in *WEAL* and the other cases it cited, this Court has ruled that Section 704 of the APA bars parties from seeking to compel agencies to enforce Title VI when the parties have an adequate alternative remedy—such as a resort to their own private action against the allegedly discriminating recipient of federal funds.[6] App'x at 110-112.

But Section 704 does not bar parties from bringing claims against an agency to remedy the agency's own violation of the APA, because there is no alternative remedy for such a violation. *See Federal Communications Comm'n* v. *Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009) (the APA "sets forth the full extent of judicial authority to review executive agency action for procedural correctness"). *WEAL* and similar cases, therefore, do not apply to such claims.

This Court made this same distinction in *McKenna* v. *Weinberger*, 729 F.2d 783 (D.C. Cir. 1984). There, the plaintiff brought a Title VII claim

---

[6]     Section 704 provides, in pertinent part:  "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."  5 U.S.C. § 704.

against the Department of Defense, claiming that her resignation under threat of discharge was motivated by sex discrimination. *Id.* at 785. The plaintiff also brought a claim that the Department failed to follow its own procedures in violation of Section 706 of the APA. *Id.* The Court ruled that the plaintiff's APA claim was "*not* one of discrimination. Rather, she charges that the agency . . . failed to conform to its own regulations. . . . Her claim of arbitrary treatment [under the APA] is entirely independent of her discrimination claim." *Id.* at 791 (emphasis in original).

*SAI* v. *Dep't of Homeland Sec.*, 149 F. Supp. 3d 99 (D.D.C. 2015), is also on point. There, an airport patron suffering from a neurological disorder brought a civil rights action against the Department of Homeland Security ("DHS"), asserting causes of action under both Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and under the APA for alleged mistreatment during airport security screening and DHS's alleged failure to respond to her complaints about the mistreatment in a timely manner. *Id.* at 106.

The defendants argued that the APA was unavailable as a remedy to the plaintiff, because the Rehabilitation Act provided an adequate alternative remedy in the form of an implied cause of action to vindicate

substantive rights under Section 504, citing *WEAL* and the other "adequate, alternative remedy" cases that the District Court relied upon here. But the district court in *SAI* ruled that those decisions were inapposite and rejected that argument. The court ruled:

> In each [of those cases], the Court of Appeals held that an independent statutory scheme with a unique remedial structure precluded separate resort to the APA. Here, because Plaintiff's cause of action arises under the APA itself, there is no independent statutory scheme that implicitly or expressly precludes APA review.

149 F. Supp. 3d at 116. The court further explained:

> [T]he government's argument proceeds from a mistaken premise: that Plaintiff's cause of action arises under the Rehabilitation Act, not the APA itself. The distinction is critical. The government cites no authority for the proposition that the APA can preclude itself—that is, that the availability of a *substantive* remedy under the APA may in some circumstances preclude an *administrative* remedy under the APA. Such an argument is at odds with a commonsense reading of the preclusion provision, which asks whether there is some "other" alternative remedy available in court.

*Id.* at 118.

The District Court here proceeded from a similar "mistaken premise" to the one the court in *SAI* described. It incorrectly concluded that Plaintiffs here are seeking to "use the APA to compel OCR to enforce Title

VI." App'x at 110. But Plaintiffs are not seeking that. Rather, Plaintiffs are seeking to compel the Department to comply with its own Case Processing Manual and not dismiss the investigation of Penn for an invalid reason. The *only* way Plaintiffs can pursue that relief is through an APA lawsuit against the Department, not a private Title VI lawsuit against Penn.

OCR's Case Processing Manual "create[s] binding norms as to how OCR conducts investigations." *Pearl River Union Free Sch. Dist.* v. *King*, 214 F. Supp. 3d 241, 257 (S.D.N.Y. 2016) (citation and internal quotation omitted). Indeed, when it initiated its investigation of Penn, the Department said that "OCR will ensure that its investigation is legally sufficient and fully responds to the allegation *in accordance with the provisions of the Case Processing Manual*" then in effect. App'x at 65 (emphasis added). It was "incumbent upon [the Department] to follow [its] own procedures," *Salem Hosp. Corp.* v. *NLRB*, 808 F.3d 59, 74 (D.C. Cir. 2015) (citation omitted). Section 110(h) does not authorize dismissal of administrative complaints based on parallel lawsuits that are not class actions. App'x at 79. The Department lacked the discretion to "depart from a prior policy *sub silentio* or simply disregard rules that [we]re still on the books," *Fox Television Stations, Inc.*, 556 U.S. at 515. Remedying the Department's violation of that procedure is a

16

cause of action under the APA for which there is no alternative cause of action in court.

In sum, in finding it dispositive that "Plaintiffs do not dispute that they have access to a private right of action against Penn," App'x at 110, the District Court was working from a "mistaken premise," *SAI*, 149 F. Supp. 3d at 118. Plaintiffs could not bring a private action against *Penn* to compel the *Department of Education* to comply with the Department's CPM. That relief could only be sought through this APA action. Accordingly, for the reasons the court explained in *SAI*, *WEAL* and the other cases that the District Court relied upon here are inapposite, and Plaintiffs' Count I claim should not have been dismissed on the basis of a purported adequate alternative remedy in court.

# CONCLUSION

The order of the District Court should be reversed and the case remanded for further proceedings.

Respectfully submitted,

PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP

BY: /s/ Gregory F. Laufer
GREGORY F. LAUFER
ROBERT N. KRAVITZ
KATHLEEN H. PIERRE
NOAH N. COHEN
  1285 Avenue of the Americas
  New York, NY 10019-6064
  (212) 373-3000
  glaufer@paulweiss.com
  rkravitz@paulweiss.com
  kpierre@paulweiss.com
  ncohen@paulweiss.com

MITCHELL D. WEBBER (D.C. BAR # 1024005)
ANDREW J. TOPAL (D.C. BAR # 1659154)
  2001 K Street, N.W.
  Washington, DC 20006
  (202) 223-7300
  mwebber@paulweiss.com
  atopal@paulweiss.com

*Attorneys for Plaintiffs The Louis D. Brandeis Center, Inc., d/b/a The Louis D. Brandeis Center for Human Rights Under Law, and Jewish Americans for Fairness in Education*

MARCH 23, 2026

18

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, Gregory F. Laufer, counsel for appellants, certify, pursuant to Federal Rule of Appellate Procedure 32(g), that the foregoing Brief of Appellants is proportionately spaced, has a typeface of 14 points or more, and contains 3,409 words. I further certify that the other signatories to this brief consented to my use of their electronic signature.

/s/ Gregory F. Laufer
GREGORY F. LAUFER

MARCH 23, 2026