ORAL ARGUMENT NOT YET SCHEDULED

No. 25-5363

**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

LOUIS BRANDEIS CENTER, INC., et al.,
Plaintiffs-Appellants,

v.

DEPARTMENT OF EDUCATION, et al.,
Defendants-Appellees.

On Appeal from the United States
District Court for the District of Columbia

**CORRECTED BRIEF FOR APPELLEES**

JEANINE FERRIS PIRRO
United States Attorney

JOHNNY H. WALKER, III
Assistant United States Attorney

WILLIAM THANHAUSER
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
(202) 252-7706

Civ. A. No. 24-1982

*Attorneys for the United States of America*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to Circuit Rule 28(a)(1), the undersigned counsel certifies as follows:

**Parties and Amici.** The plaintiffs-appellants are The Louis D. Brandeis Center, Inc., d/b/a The Louis D. Brandeis Center for Human Rights Under Law; and Jewish Americans for Fairness in Education. The defendants-appellees are the U.S. Department of Education; Linda McMahon, in her official capacity as Secretary, U.S. Department of Education; and Kimberly Richey, in her official capacity as Assistant Secretary, U.S. Department of Education.

**Ruling Under Review.** At issue in this appeal is the Honorable Rudolph Contreras' order and memorandum opinion, dated August 11, 2025, granting Defendants' motion to dismiss the case. The opinion is available in the appendix, App'x 104, and on Westlaw, 2025 WL 2305865.

**Related Cases.** This case has not previously been before this Court. Undersigned counsel is unaware of any pending related cases.

## TABLE OF CONTENTS


| Heading | Page |
|---|---|
| Certificate as to Parties, Rulings, and Related Cases | i |
| Table of Contents | ii |
| Table of Authorities | iv |
| Introduction | 1 |
| Jurisdictional Statement | 3 |
| Statement of Issues | 3 |
| Statement of the Case | 4 |
| I. Title VI of the Civil Rights Act of 1964 | 4 |
| II. The Department's Enforcement of Civil Rights Laws | 5 |
| III. The Brandeis Center's Administrative Complaint | 6 |
| IV. Procedural History | 8 |
| Summary of the Argument | 10 |
| Standard of Review | 12 |
| Argument | 12 |
| I. An Adequate Remedy Precludes Plaintiffs' APA Claim | 12 |
| A. Circuit Precedent Establishes that Plaintiffs' APA Claim Is Precluded | 12 |
| B. Appellants Purported Distinction Is Unavailing | 16 |
| II. The Department's Actions Are Committed to Agency Discretion by Law | 24 |

Conclusion .......... 29

Certificate of Compliance .......... 31

Certificate of Service .......... 31

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Bell*,
711 F.2d 161 (D.C. Cir. 1983) ... 5
*Albra v. Off. for C.R.*,
308 F. Supp. 3d 292 ... 16, 17
*Albra v. Off. for C.R.*,
No. 18-5112, 2018 WL 6720648 (D.C. Cir. Dec. 18, 2018) ... 15, 17, 19
*Am. Disabled for Attendant Programs Today v. Dep't of Hous. & Urb. Dev.*, 170 F.3d 381 (3d Cir. 1999) ... 25
*Blind of Del. Cnty. Valley, Inc. v. Regan*,
709 F.2d 1521 (D.C. Cir. 1983) ... 15, 20
*Block v. SEC*,
50 F.3d 1078 (D.C. Cir. 1995) ... 24
*Bochra v. Dep't of Educ.*,
No. 22-2903, 2024 WL 808061 (7th Cir. Feb. 27, 2024) ... 14, 25
*Boston MA*, Civ. A.,
No. 24-1298 (BHL), 2025 WL 1191024 (E.D. Wis. Apr. 24, 2025) ... 19
*Cannon v. Univ. of Chi.*,
441 U.S. 677 (1979) ... 4, 19
*Coker v. Sullivan*,
902 F.2d 84 (D.C. Cir. 1990) ... 15, 27
*Freedom Watch, Inc. v. McAleenan*,
442 F. Supp. 3d 180 (D.D.C. 2020) ... 28, 29
*Garcia v. Vilsack*,
563 F.3d 519 (D.C. Cir. 2009) ... 22, 23
*Heckler v. Chaney*,
470 U.S. 821 (1985) ... 24, 27, 28
*Jersey Heights Neighborhood Ass'n v. Glendening*,
174 F.3d 180 (4th Cir. 1999) ... 14
*Love v. Connor*,
525 F. Supp. 2d 155 (D.D.C. 2007) ... 20, 22
*Marlow v. Dep't of Educ.*,
820 F.2d 581 (2d Cir. 1987) ... 25

*McKenna* v. *Weinberger,*
729 F.2d 783 (D.C. Cir. 1984) ........................................................ 21, 22
*Nat'l Wrestling Coaches Ass'n v. Dep't of Education*,
366 F.3d 930 (D.C. Cir. 2004) ........................................................ 15, 17
*Payne v. Becerra*,
Civ. A. No. 22-0869, 2023 WL 3376630 (D.D.C. May 11, 2023) .......... 26
*Payne v. Vilsack*,
Civ. A. No. 21-1571, 2023 WL 6160012 (D.D.C. Sept. 21, 2023) ......... 26
*Pearl River Union Free School District.* v. *King*,
214 F. Supp. 3d 241 (S.D.N.Y. 2016) .................................................. 28
*Pearl River*,
214 F. Supp. ............................................................................................ 28
*Renteria v. Donahue*,
92 F.3d 1197 (10th Cir. Aug. 8, 1996) ................................................ 15
*SAI v. Dep't of Homeland Sec.*,
149 F. Supp. 3d 99 (D.D.C. 2015) ............................................ 21, 23, 24
*Sec'y of Labor v. Twentymile Coal Co.*,
456 F.3d 151 (D.C. Cir. 2006) .............................................................. 24
*Skewes-Cox v. Georgetown Univ. Law Ctr.*,
Civ. A. No. 22-0818, 2024 WL 939979 (D.D.C. Mar. 5, 2024) ............ 17
*Skewes-Cox v. Georgetown Univ. L. Ctr.,*
No. 24-5065, 2024 WL 4248506 (D.C. Cir. Sept. 18, 2024) ..... 15, 17, 19
*Swift v. United States*,
318 F.3d 250 (D.C. Cir. 2003) .............................................................. 28
*Trudeau v. Fed. Trade Comm'n*,
456 F.3d 178 (D.C. Cir. 2006) .............................................................. 12
*Wash. Legal Found. v. Alexander*,
778 F. Supp. 67 (D.D.C. 1991) ........................................................ 14, 27
*Washington Legal Foundation v. Alexander*,
984 F.2d 483 (D.C. Cir. 1993) ........................................................ 13, 14
*Washington v. Dep't of Justice*,
846 F.3d 1235 (D.C. Cir. 2017) ............................................................ 12
*Women's Equity Action League v. Cavazos*,
906 F.2d 742 (D.C. Cir. 1990) ............................................... 4, 13, 19, 20
*Yakoby v. Univ. of Penn.*,
Civ. A. No. 23-4789, 2025 WL 1558522 (E.D. Pa. June 2, 2025) .......... 8

**Statutes, Regulations, and Other Authorities**


20 U.S.C. § 1681(a) .......... 5
28 U.S.C. § 1291 .......... 3
28 U.S.C. § 1331 .......... 3
29 U.S.C. § 794(a) .......... 5
42 U.S.C. § 2000d .......... 4
42 U.S.C. § 2000d-1 .......... 5, 21
5 U.S.C. § 701(a)(2) .......... 11, 24, 25
5 U.S.C. § 704 .......... 12, 14, 17-20, 22, 23
5 U.S.C. § 706(2) .......... 18, 19, 23, 24
5 U.S.C. § 706(1) .......... 23
34 C.F.R. § 100.1 .......... 5
34 C.F.R. § 100.7(b) .......... 5, 6, 8
Fed. R. App. P. 4(a)(1)(B) .......... 3
Fed. R. App. P. 32(a)(7)(B) .......... 30

## INTRODUCTION

In November 2023, the Louis D. Brandeis Center, Inc. ("Brandeis Center") filed an administrative complaint with the Department of Education ("Department"), alleging violations of Title VI of the Civil Rights Act of 1964 ("Title VI") by the University of Pennsylvania (the "University" or "Penn"), and requesting the Department take investigative and enforcement action against the University. After opening a responsive investigation, the Department ultimately dismissed the complaint.

Dissatisfied with this outcome, the Brandeis Center and Jewish Americans for Fairness in Education (collectively, "Plaintiffs") brought suit against the Department and its officials (collectively, "Defendants"). Plaintiffs alleged that the dismissal was arbitrary and capricious in violation of the Administrative Procedure Act ("APA"). For relief, Plaintiffs sought, among other things, reinstatement of the complaint and resumption of the Department's investigation.

The district court dismissed Plaintiffs' action. The court held that Plaintiffs had an adequate alternative remedy—a private action against Penn—and thus were barred from using the APA to compel the

Department to take action under Title VI. Because the court dismissed Plaintiffs' APA claim on this ground, it did not reach the additional argument that the claim also warranted dismissal for challenging an action committed to agency discretion by law.

The district court's judgment is correct. Circuit precedent establishes that Title VI provides an adequate remedy that precludes APA claims like Plaintiffs'. Further, although the court did not reach the argument that Plaintiffs' APA claim challenges an action committed to agency discretion, and thus immune from judicial review, such argument provides an additional basis for affirmance of the district court's dismissal.

In their opening brief, Plaintiffs contend that they are not seeking to compel the Department to take action under Title VI, but merely to compel the Department to comply with its own internal procedures for processing administrative complaints. This purported distinction is of no force: the Circuit has rejected attempts to frame challenges of agency Title VI investigatory decisions as actions to ensure agency administrative compliance. Moreover, such a distinction would create an exception that swallows the rule: suits that charge a federal agency with

violating the APA by failing to properly investigate or enforce federal law necessarily entail allegations of administrative noncompliance. Finally, even if it had force, Plaintiffs' distinction is not supported by the record: Plaintiffs' complaint explicitly seeks to compel the Department to take action under Title VI.

The Court should therefore affirm the district court's order dismissing the case.

## JURISDICTIONAL STATEMENT

The district court had subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiffs timely appealed the district court's final order granting Defendants' motion to dismiss. *See* Fed. R. App. P. 4(a)(1)(B). This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

In the opinion of the United States, the questions presented are:

1. Whether Title VI provides an adequate remedy that preludes Plaintiffs' APA claim.

2. Whether Plaintiffs' APA claim challenges agency action committed to agency discretion, and thus immune from judicial review.

## STATEMENT OF THE CASE

### I. Title VI of the Civil Rights Act of 1964

Title VI prohibits universities that receive Federal financial assistance from discriminating based on race, color, or national origin. *See* 42 U.S.C. § 2000d; *see also id.* § 2000d-4a (defining "program or activity" to include universities). The statute "authorize[s] and direct[s]" federal agencies that distribute federal funds to ensure compliance with its antidiscrimination mandate. *Id.* § 2000d-1. Federal agencies do so first through voluntary means; and, if that fails, a federal agency may initiate enforcement proceedings that could lead to the termination of federal funding. *See id.*

Under Title VI, an individual injured by a discriminatory practice that violates the statute can also bring a cause of action directly against the university. *See Cannon v. Univ. of Chi.*, 441 U.S. 677 (1979); *Women's Equity Action League v. Cavazos*, 906 F.2d 742, 747 (D.C. Cir. 1990) ("*Cannon* confirmed an implied private remedy under Title[] VI . . . against federal fund recipients who engage in proscribed discrimination."). Private suits under Title VI are "an appropriate and essential mechanism for adequately enforcing" the statute against

educational institutions. *Adams v. Bell*, 711 F.2d 161, 189 (D.C. Cir. 1983).

## II. The Department's Enforcement of Civil Rights Laws

The Department, through its Office of Civil Rights ("OCR"), enforces Title VI and other civil rights laws against recipients of federal funds under its programs and activities. *See* 34 C.F.R. § 100.1 (effectuating 42 U.S.C. § 2000d-1); *see also* 20 U.S.C. § 1681(a) (prohibiting discrimination based on sex); 29 U.S.C. § 794(a) (prohibiting discrimination based on disability). To that end, the Department has established a regulatory framework for investigating discrimination complaints against educational institutions. *See* 34 C.F.R. pt. 100. Under these regulations, any person who believes that they or any class of individuals have been subjected to unlawful discrimination by an educational institution may file a written complaint with OCR. 34 C.F.R. § 100.7(b). Where a complaint indicates possible unlawful discrimination, OCR makes a prompt investigation. *Id.* § 100.7(c). If, after an investigation, OCR determines there is insufficient evidence to support a conclusion of unlawful discrimination, OCR informs the subject and complainant in writing, explaining its decision. *Id.* § 100.7(d)(2).

The Department's Case Processing Manual ("CPM") "provides OCR with the procedures to promptly and effectively investigate and resolve complaints." App'x 69. Among other things, the CPM specifies grounds where OCR will or may dismiss allegations in a complaint. *Id.* at 78-80. These include where the allegation is moot or unripe, where the allegation is foreclosed by previous judicial decision, and where OCR has recently addressed the same allegation involving the same recipient. *Id.* OCR utilizes the CPM to process a substantial volume of complaints each year. *See, e.g.*, Dep't of Education, Office for Civil Rights, *Fiscal Year 2023 Annual Report to the President and the Secretary*, at 6 (2024), https://perma.cc/TXY4-E7M4 (noting that OCR received 19,201 complaints in FY2023).

## III. <u>**The Brandeis Center's Administrative Complaint**</u>

On November 9, 2023, the Brandeis Center filed an administrative complaint with OCR alleging violations of Title VI by Penn. Compl. ¶ 60, App'x 20; *see also* Compl. Ex. A, App'x 36-63. The administrative complaint stated that the University had discriminated against students and staff on the basis of national origin (shared Jewish ancestry) by failing to respond to incidents of antisemitic harassment during the fall

2023 semester. Compl. ¶ 60, App'x 20; *see also* Compl. Ex. A, App'x 36-63. On November 15, 2023, OCR completed its evaluation of the complaint, and notified the Brandeis Center that it was opening an investigation into the complaint's allegations. Compl. ¶ 62, App'x 21; *see also* Compl. Ex. B, App'x 64-66.

On December 5, 2023, two University students filed a federal complaint in the United States District Court for the Eastern District of Pennsylvania against the University that similarly alleged that the University violated Title VI by failing to respond to incidents of harassment based on shared Jewish ancestry during the fall 2023 semester. *See Yakoby v. Univ. of Penn.*, Civ. A. No. 23-4789 (E.D. Pa.); *see also* Compl. ¶¶ 64-65, App'x 21-22. Plaintiffs have described that federal complaint as "echoing many of the same allegations" that the Brandeis Center had filed in its administrative complaint. Compl. ¶ 7, App'x 7.

On January 2, 2024, after reviewing the *Yakoby* complaint, OCR notified the Brandeis Center, by letter, that it was dismissing the Brandeis Center's complaint pursuant to CPM § 110(h):

> Where a class action with the same allegation(s) has been filed against the same recipient with state or federal court and

> the relief sought is the same as would be obtained if OCR were to find a violation regarding the allegation(s). An allegation(s) may be re-filed with OCR within 60 days following termination of the court proceeding if there has been no decision on the merits or settlement of the state or federal allegation(s). Dismissal with prejudice is considered a decision on the merits.

Compl. Ex. D, App'x 100-102. OCR's January 2, 2024, letter acknowledged that the *Yakoby* litigation was not formally "filed as a class action," but noted that it sought "systemic relief" against the University "based on the same allegations." *Id.* The letter noted that the Brandeis Center's allegations may be re-filed with OCR within sixty days following termination of the court proceeding if there has been no decision on the merits or settlement of the allegations. *Id.*[1]

## IV. Procedural History

On July 9, 2024, the Brandeis Center and Jewish Americans for Fairness in Education brought suit against the Department and its

---

[1] On June 2, 2025, the U.S. District Court for the Eastern District of Pennsylvania, dismissed the *Yakoby* complaint without prejudice. *Yakoby v. Univ. of Penn.*, Civ. A. No. 23-4789, 2025 WL 1558522, at *11 (E.D. Pa. June 2, 2025). The court found that the plaintiffs had standing for their Title VI claims, but had not adequately pled such claims. *Id.* at *3-*8. On July 16, 2025, the plaintiffs appealed the district court's decision to the Third Circuit. *See* Case No. 25-2239, ECF No. 1 (3d Cir. filed July 16, 2025). As of the date of this filing, the case remains pending there. *See* Dkt, Case No. 25-2239.

officials, challenging OCR's dismissal of the Brandeis Center's administrative complaint. Compl. ¶¶ 17, 26-28, App'x 9-10, 12. Plaintiffs alleged that OCR's dismissal was arbitrary and capricious, in violation of the APA, contending that because the *Yakoby* lawsuit was not formally pled as a class action, the CPM required OCR to continue its investigation into the allegations against the University. *See* Compl. ¶¶ 84-101, App'x 25-29. As a remedy, Plaintiffs sought, among other things, reinstatement of the Brandeis Center's administrative complaint, resumption of OCR's investigation, and reinstatement of all other OCR investigations "unlawfully dismissed under Section 110(h) [of the CPM] since October 7, 2023." Compl. ¶ 17, App'x 9-10.

Defendants moved to dismiss, on the ground that Plaintiffs had an adequate alternative remedy—a private right of action under Title VI—precluding APA review, and because Plaintiffs challenged an action committed to agency discretion by law. *See* Mem. Op. 6-7, App'x 109-110. On August 11, 2025, the district court granted Defendants' motion to dismiss. Order, App'x 103; Mem. Op., App'x 104-118. The district court concluded that controlling D.C. Circuit precedent barred Plaintiffs from using the APA to compel OCR to enforce Title VI. Mem. Op. 7, App'x 110.

The district court did not reach Defendants' alternative argument that Plaintiffs challenged an action committed to agency discretion by law.[2]

Plaintiffs timely filed a notice of appeal.

## SUMMARY OF THE ARGUMENT

I. Title VI provides an adequate remedy—a private action against Penn—that precludes Plaintiffs' APA claim. Circuit precedent establishes as much—this Court has repeatedly dismissed claims that, like Plaintiffs', sought to compel the Department to take action under Title VI. Plaintiffs' contention that, rather than seeking to compel the Department to take action under Title VI, they seek to compel the Department to comply with the CPM is unavailing. The Court has rejected similar attempts to frame challenges of agency Title VI investigatory decisions as actions to ensure agency administrative compliance. Moreover, suits that charge a federal agency with violating

---

[2] Plaintiffs' suit included two additional counts—that Defendants' modification of the CPM to remove a provision allowing for administrative appeals, violated the notice-and-comment requirement for rulemaking under the APA; and that Defendants' "improper[] abandon[ment]" of their investigation of Penn without providing for an administrative appeal, violated Plaintiffs' due process rights under the Fifth Amendment. Compl. ¶¶ 102-17, App'x 29-32. The district court dismissed both these counts, *see* Mem. Op. 9-15, App'x 112-18, and Plaintiffs are not appealing their dismissal, Appellants' Br. at 10 n.5.

the APA by failing to properly investigate or enforce federal law necessarily entail allegations of administrative noncompliance; accordingly, if given effect, Plaintiffs' contention would create an exception that swallows the rule. Finally, Plaintiffs' contention is factually inaccurate: their pleading explicitly seeks to compel the Department to take action under Title VI.

II. Further, Plaintiffs' APA claim challenges agency action committed to agency discretion, and thus immune from judicial review. The APA provides that judicial review is not available where "agency action is committed to agency discretion by law," 5 U.S.C. § 701(a)(2), and agency enforcement and investigatory decisions fall under this proscription. Accordingly, because Plaintiffs challenge the Department's decision not to further investigate Penn for potential Title VI enforcement action, their claims are also barred under 5 U.S.C. § 701(a)(2).

## STANDARD OF REVIEW

This Court reviews the district court's grant of Defendants' motion to dismiss de novo. *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 183 (D.C. Cir. 2006).

## ARGUMENT

### I. <u>An Adequate Remedy Precludes Plaintiffs' APA Claim</u>

"Section 704 of the [APA] limits judicial review under that statute to agency actions 'for which there is no other adequate remedy in a court.'" *Citizens for Resp. & Ethics in Washington v. Dep't of Just.*, 846 F.3d 1235, 1238 (D.C. Cir. 2017) (quoting 5 U.S.C. § 704). Because Plaintiffs may address their injury through another "adequate remedy in a court"—a Title VI lawsuit against Penn—their APA claim is precluded.

#### A. Circuit Precedent Establishes that Plaintiffs' APA Claim Is Precluded

In at least two decisions, the Circuit has resolved this precise issue, holding that a private suit against an institution engaging in unlawful discrimination under Title VI is an adequate remedy that precludes APA relief against the Department. First, in *Women's Equity Action League v. Cavazos* ("*WEAL*"), the Circuit considered whether to affirm the dismissal of a suit brought to compel the Department to enforce Title VI

and other civil rights laws against educational institutions. 906 F.2d 742, 746-47 (D.C. Cir. 1990). The plaintiffs had initiated the action two decades prior, and shortly thereafter, the parties entered a consent decree that set out procedures and timeframes for the Department's processing of administrative complaints. *Id.* In the intervening years, however, the Supreme Court decided *Cannon*, which affirmed the existence of a private right of action under Title VI. *Id.* at 747 (citing *Cannon*, 441 U.S.at 704-06). Plaintiffs maintained that, notwithstanding the existence of such a right, the APA provided a basis for seeking relief against the Department. *Id.* This Court disagreed, holding that the private remedy available to the plaintiffs under Title VI was "sufficient to preclude [an] APA remedy" against the Department, and affirmed dismissal. *Id.* at 751.

The Court reached the same conclusion in *Washington Legal Foundation v. Alexander*. *See* 984 F.2d 483, 486 (D.C. Cir. 1993). In that case, a nonprofit organization and several students submitted an administrative complaint with the Department, alleging unlawful discrimination under Title VI by specified universities and law schools. *Id.* at 485. The Department did not take action, and the organization and

students brought suit, alleging the Department's conduct was arbitrary, capricious, and contrary to law, in violation of the APA. *Id.*; *see also Wash. Legal Found. v. Alexander*, 778 F. Supp. 67, 68 (D.D.C. 1991) (providing background facts). The district court dismissed under 5 U.S.C. § 704, and this Court affirmed. *Id.* at 485-86. Relying on *WEAL*, the Court squarely resolved: "an adequate remedy is available to appellants"—"a right of action directly against the discriminating institution under Title VI"—and "therefore . . . appellants have no cause of action under the APA for the discrimination alleged." *Id.*

Other circuits, citing to these cases, have held the same. *See, e.g.*, *Bochra v. Dep't of Educ.*, No. 22-2903, 2024 WL 808061, at *2 (7th Cir. Feb. 27, 2024) ("If [plaintiff] believes that the law school discriminated against him and the Department did not remedy it, then he could have sued the law school, as a recipient of federal funds, under Title VI . . . . He thus had an adequate remedy against the law school for discrimination." (citing *WEAL*)), *cert. denied*, 145 S.Ct. 600 (Mem); *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 191-92 (4th Cir. 1999) (dismissing APA claim seeking to compel agency to carry out its supervisory duties under Title VI (citing *WEAL* and *Wash. Legal*

*Found.*)); *see also Renteria v. Donahue*, 92 F.3d 1197, at *2 (10th Cir. Aug. 8, 1996) (complainant alleging her complaint was dismissed by OCR in violation of its complaint procedures "has no right of direct action against [OCR] under the [APA] because she has another adequate remedy available in the form of an action against [the university]").

And the Circuit has held the same in the context of other civil rights laws that both provide a private right of action and are otherwise enforced by the Department. *See, e.g.*, *Skewes-Cox v. Georgetown Univ. L. Ctr.,* No. 24-5065, 2024 WL 4248506, at *1 (D.C. Cir. Sept. 18, 2024) (Rehabilitation Act); *Albra v. Off. for C.R.,* No. 18-5112, 2018 WL 6720648, at *1 (D.C. Cir. Dec. 18, 2018) (Rehabilitation Act); *Nat'l Wrestling Coaches Ass'n v. Dep't of Education*, 366 F.3d 930, 933 (D.C. Cir. 2004) (Title IX); *see also Council of & for the Blind of Del. Cnty. Valley, Inc. v. Regan*, 709 F.2d 1521, 1532-33 (D.C. Cir. 1983) (en banc) (affirming dismissal of action against another federal agency, and holding that, because an adequate alternative remedy exists under the relevant law, "inquiry into the [agency's] allegedly ineffective enforcement is neither necessary nor proper"); *Coker v. Sullivan*, 902 F.2d 84, 86-87 (D.C. Cir. 1990) (in suit challenging HHS's enforcement

decisionmaking as arbitrary, capricious, and contrary to law, in violation of the APA, affirming dismissal on ground that adequate alternative remedy existed for plaintiffs).

### B. Appellants Purported Distinction Is Unavailing

Appellants attempt to skirt this case law, by contending they "are not seeking to compel the Department to enforce Title VI," but rather "to "comply with its own Case Processing Manual and not dismiss the investigation of Penn for an invalid reason." Appellants' Br. at 2, 16; *see also id.* at 12-13. This purported distinction is unavailing for three reasons.

First, this Court has repeatedly rejected plaintiffs' attempts to frame challenges of agency enforcement decision making as actions to ensure agency administrative compliance. In *Albra v. Office for Civil Rights,* a student brought suit against the Department alleging that it violated the APA by "fail[ing] to follow its Case Processing Manual," in resolving the plaintiff's administrative complaint. 308 F. Supp. 3d 292, 292-93 (D.D.C. 2018). The district court dismissed, holding that the plaintiff had an adequate alternative remedy—a private cause of action under the Rehabilitation Act—and, thus, plaintiff's action was barred by

5 U.S.C. § 704. *Id.* at 294. The Court summarily affirmed, citing *WEAL* and holding that "[t]his court has held that . . . an adequate alternative remedy . . . precludes APA relief" for plaintiff's claims. No. 18-5112, 2018 WL 6720648, at *1 (D.C. Cir. Dec. 18, 2018).

So, too, in *Skewes-Cox v. Georgetown Univ. Law Ctr.*, No. 24-5065, 2024 WL 4248506 (D.C. Cir. Sept. 18, 2024). There, a student filed an administrative complaint with the Department, alleging violations of the Rehabilitation Act by his law school. *See id.* at *1; *see also* Civ. A. No. 22-0818, 2024 WL 939979, at *1 (D.D.C. Mar. 5, 2024) (providing background facts). OCR dismissed the complaint, and the student bought suit against the Department, alleging that the dismissal violated the APA because it relied on factual errors. *See Skewes-Cox*, 2024 WL 939979, at *1. For relief, the student sought reinstatement of his administrative complaint. *Id.* Again, relying on 5 U.S.C. § 704, the district court dismissed and the Circuit summarily affirmed. *Skewes-Cox*, 2024 WL 939979, at *4; *Skewes-Cox*, 2024 WL 4248506, at *1; *see also Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945-46 (D.C. Cir. 2004) (APA arbitrary-and-capricious challenge of letter issued by Department in response to petition to change Departmental

enforcement policies was barred by 5 U.S.C. § 704); *Wright v. Dominguez*, No. 04-5055, 2004 WL 1636961, at *1 (D.C. Cir. July 21, 2004) (summarily affirming dismissal of APA challenge of the "procedures used by the EEOC to process [plaintiff's] discrimination complaints" on ground that Title VII "provides an adequate remedy . . . within the meaning of 5 U.S.C. § 704 for complaints about the EEOC's administrative process, precluding an APA challenge to the EEOC's procedures").

In each of these cases, the Court disregarded Plaintiffs' argument that, notwithstanding 5 U.S.C. § 704, the Department's dismissal of an administrative complaint may be subject to challenge under the APA where such dismissal is inconsistent with the CPM.

Second, if given effect, Plaintiffs' purported distinction would create an exception that swallows the rule. Suits that charge a federal agency with violating the APA by failing to properly investigate or enforce federal law necessarily entail allegations of administrative noncompliance, be it through allegations that the agency has acted inconsistent with its own regulations or guidelines (i.e., arbitrary and capricious, 5 U.S.C. § 706(2)(A)), acted inconsistent with federal law (i.e., otherwise not in accordance with law, *id.*), or failed to act (i.e., agency

action unlawfully withheld, *id.* § 706(1)). Indeed, as the case law discussed above demonstrates, such allegations are so clearly meritless as to warrant summary affirmance. *See Albra*, 2018 WL 6720648, at *1; *Skewes-Cox*, 2024 WL 4248506, at *1. Were Plaintiffs' purported distinction to be given effect—i.e., were this Court to allow APA challenges of agency investigatory decisions on purported administrative-compliance grounds—then any plaintiff dissatisfied with a federal agency's investigatory decision could simply bypass 5 U.S.C. § 704's bar by simply framing their claim as seeking administrative compliance. And the implications of such an outcome are significant: "[A]n APA suit to compel investigation . . . 'is far more disruptive of [a federal agency's] efforts efficiently to allocate its enforcement resources . . . than a private suit against the recipient of federal aid." *WEAL*, 906 F.2d at 751 (quoting *Cannon*, 441 U.S. at 706 n.41); *see also Phillips v. OCR Off. in Boston MA*, Civ. A. No. 24-1298, 2025 WL 1191024, at *2 (E.D. Wis. Apr. 24, 2025) ("[Plaintiff] cannot avoid the lack of a cognizable legal claim by shifting focus to his requested remedy. Judicial review of OCR's processing of his administrative complaints is unavailable, and, accordingly, the Court has no authority to force OCR to act as an

intermediary between [Plaintiff] and the universities he accuses of discrimination.").

Third, notwithstanding the points above, Plaintiffs' purported distinction is based on an incorrect factual premise: that Plaintiffs do not seek to compel the Department to take action under Title VI. *See* Appellants' Br. at 12 (asserting that "[n]owhere . . . do [Plaintiffs] seek to compel the Department to enforce Title VI"). Plaintiffs' filings before the district court tell a different story. Plaintiffs' complaint explicitly seeks to compel the Department to investigate Penn for Title VI violations. *See* Compl. Prayer for Relief, App'x 32-34 (requesting, in relief, that the court enjoin Defendants from refusing to fully investigate Penn).[3] Plaintiffs'

[3] The Circuit has repeatedly held that the 5 U.S.C. § 704 bar on actions against federal agencies applies where an adequate alternative remedy exists extends to both actions seeking to compel federal agencies to take enforcement action and those seeking to compel investigatory action. *See, e.g.*, *WEAL*, 906 F.2d at 751 (describing *Cannon* as applying 5 U.S.C. § 704 to APA challenges seeking "to compel investigation"); *Council for the Blind of Del. Cnty. Valley, Inc. v. Regan*, 709 F.2d 1521, 1527 (D.C. Cir. 1983) ("Giving private citizens a remedy outside [their private right of action against the discriminating entity] for the [federal agency's] failure to investigate [the discriminating entity] . . . would significantly alter the scheme Congress crafted."); *see also Love v. Connor*, 525 F. Supp. 2d 155, 160 (D.D.C. 2007) ("The rule that emerges from this unbroken line of circuit decisions is that, where a victim of discrimination can sue directly to remedy her injury, no action will lie

brief opposing dismissal repeatedly emphasized the value of Departmental enforcement action over a private cause of action in advocating for their requested relief. R.14 at 14 ("Here, the Department may pursue the 'termination of or refusal to grant or to continue' federal financial support for any recipient of federal funds, such as a university, found to be in violation of Title VI. 42 U.S.C. § 2000d–1. Indeed, the threat of termination of federal funding is the principal advantage of pursuing administrative relief."). And the Brandeis Center's administrative complaint, on which Plaintiffs' action is based, alleged Title VI violations by Penn, and explicitly sought to have the Department take investigative and enforcement action against the University. *See* Compl. Ex. A at 1-4, 25-26, App'x 37-40, 61-62. On these facts, Plaintiffs' argument that they did not "seek to compel the Department" to take action under Title VI is mistaken.

Plaintiffs cite two cases in support of their purported distinction. *See* Appellants' Br. at 13-16 (citing *McKenna* v. *Weinberger,* 729 F.2d 783 (D.C. Cir. 1984); *SAI v. Dep't of Homeland Sec.*, 149 F. Supp. 3d 99

---

under the APA for failure to adequately investigate, monitor, or police that discrimination.").

(D.D.C. 2015)). Neither of these cases stand for the proposition to which Plaintiffs attempt to extend them.

*McKenna* held that Title VII preclusion does not extend to non-discrimination claims. *See* 729 F.2d at 791-92. In issuing the decision, the Circuit simply endeavored to explain the confines of Title VII preclusion, rather than set out the scope of 5 U.S.C. § 704. Indeed, the decision nowhere cites or otherwise mentions 5 U.S.C. § 704, *see generally* 729 F.2d 783, and in the 42 years since its issuance, it has never been cited by any court in this Circuit, at any level, in support of allowing an APA claim to proceed. More importantly, the D.C. Circuit has since rejected Plaintiffs' broad reading of the case:

> As appellants read *McKenna*, it stands for the proposition that a plaintiff may always bring an APA claim alleging that an agency failed to follow its own regulations in processing or investigating discrimination allegations, notwithstanding the existence of other adequate remedies at law. But *McKenna* cannot bear the weight that appellants place upon it. . . . Appellants cite to no case that reads *McKenna* that way, and such precedent as we have found does not support their position. In *McKenna* the court simply assumed without deciding that Title VII procedures did not constitute an adequate remedy at law.

*Garcia v. Vilsack*, 563 F.3d 519, 526 (D.C. Cir. 2009); *see also Love*, 525 F. Supp. at 160 (noting that *McKenna* "did not even cite to *Council of and*

*for the Blind*" and its "line of cases" on 5 U.S.C. § 704). As the Circuit stated then, "[t]he fact that appellants fault the [federal agency's] regulation of itself and not its regulation of a third party does not mean that *Council* [*of and for the Blind*] and its progeny are inapposite, because there is no material difference between the adequacy of the [subject] remedy and the third-party actions in *Council* [*of and for the Blind*], *Coker*, and *WEAL*." *Garcia*, 563 F.3d at 525.

Similarly, *SAI*—a district court decision without controlling effect—expressly deferred resolving whether the defendant agency's response to an administrative complaint alleging discrimination could be subject to review under the APA. 149 F. Supp. 3d at 115 ("If Plaintiff subsequently brings an action under the APA relating to . . . the substance of the agency's response, a court can at that time determine whether [Plaintiff] has identified a final agency action subject to judicial review . . . ."). Moreover, to the extent the district court supported Plaintiffs' purported distinction, it did so only as to APA claims brought under 5 U.S.C. § 706(1) (i.e., unreasonable delay). *Id.* at 126 (denying Plaintiff's motion for leave to amend his complaint, to add a claim under 5 U.S.C. § 706(2)). For such claims, the court remarked that the agency's

delay "could well pose a barrier to any substantive claim that Plaintiff might ultimately seek to pursue" and, as such, the plaintiff had no adequate, alternative remedy for redress. *Id.* at 119-20. Here, as Plaintiffs purport to bring their APA claim under 5 U.S.C. § 706(2)(A) (i.e., arbitrary and capricious), the *SAI* court's reasoning is inapplicable.

## II. The Department's Actions Are Committed to Agency Discretion by Law

The APA provides that judicial review is not available where "agency action is committed to agency discretion by law," 5 U.S.C. § 701(a)(2), and agency enforcement and investigatory decisions fall under this general proscription. *See Heckler v. Chaney*, 470 U.S. 821, 832-33 (1985) ("[A]n agency's decision not to take enforcement action should be presumed immune from judicial review under § 701(a)(2) . . . ."); *Block v. SEC*, 50 F.3d 1078, 1082 (D.C. Cir. 1995) (applying *Chaney* to agency investigatory decisions). Because Plaintiffs challenge the Department's decision not to further investigate Penn for potential Title VI enforcement action, their claims are thus also presumptively barred under 5 U.S.C. § 701(a)(2). *See Sec'y of Labor v. Twentymile Coal Co.*, 456 F.3d 151, 157 (D.C. Cir. 2006) (holding that the presumption of

immunity from judicial review applies to "administrative charging decisions").[4]

Courts have long recognized that the Department's investigations and resolutions of individual complaints are the type of agency action committed to agency discretion. *See Bochra*, 2024 WL 808061, at *2 (OCR complainant cannot challenge closure of administrative complaint because "courts may not review non-prosecution decisions that by statute are committed to the agency's discretion, as here."); *Am. Disabled for Attendant Programs Today v. Dep't of Hous. & Urb. Dev.*, 170 F.3d 381, 385-87, n.8 (3d Cir. 1999) (allegation that agency's Office for Civil Rights failed to investigate complaints that "indicate[d] a possible failure to comply with this part" was not reviewable under APA because "Congress has provided no guidelines, or law to apply, to constrain [the agency's] decision to investigate violations of its regulations"); *Marlow v. Dep't of Educ.*, 820 F.2d 581, 582-83 (2d Cir. 1987) ("under *Chaney* and [5 U.S.C. § 701(a)(2)], review of the Department's discretionary disposition of Marlow's complaint is not available," because "neither the statute nor the

---

4 As noted *supra*, the district court did not reach this argument in granting Defendants' motion to dismiss. Mem. Op. 9, App'x 112.

regulations impose significant substantive limitations on the Department's investigation and resolution of individual complaints of discrimination").

Applying *Chaney*, at least two district courts in this Circuit have recently held that they could not review claims that federal agency civil rights offices improperly closed a complainant's discrimination complaint because such decisions were exercises of discretionary enforcement powers. *See Payne v. Vilsack*, Civ. A. No. 21-1571, 2023 WL 6160012, at *4 (D.D.C. Sept. 21, 2023) ("Even if the Court were to assume that the [agency's civil rights office] erroneously closed Mr. Payne's discrimination complaint," APA review was not available because there was no "'substantive statute' that provides specific 'guidelines for the agency to follow in exercising its enforcement powers'") (quoting *Chaney*)); *Payne v. Becerra*, Civ. A. No. 22-0869, 2023 WL 3376630, at *5 (D.D.C. May 11, 2023) (complainant seeking "APA review of [agency civil rights office's] decision to close his discrimination complaint following an investigation" could not proceed because action was committed to agency discretion by law), *aff'd on other grounds,* No. 23-5131, 2024 WL 409404 (D.C. Cir. Feb. 1, 2024). The same is true in this case.

Although agency enforcement and investigatory decisions may be subject to judicial review where "judicially manageable standards are available for judging how and when an agency should exercise its discretion," *Chaney*, 470 U.S. at 830, such exception does not apply in this instance. The CPM explicitly and repeatedly affords OCR broad discretion in its review and dismissal of administrative complaints. *See, e.g.*, App'x 79-80 (providing numerous instances in which OCR may dismiss a complaint); *see also id.* at 83 ("The scope of OCR's investigation and resolution activities will depend upon the allegation(s), issue(s), applicable legal standard(s), and the evidence obtained during the investigation."). Indeed, although the CPM orders OCR to dismiss administrative complaints in certain instances, *see id.* at 78-79, and allows OCR to dismiss administrative complaints in others, *see id.* at 79-80, it nowhere directs the Department to, as Plaintiffs allege, maintain an investigation in any instance, *see id.* at 68-99. Similarly, the CPM explicitly states that OCR enforcement action in response to an administrative complaint is "within [OCR's] discretion." *Id.* at 90 (CPM §§ 601, 602). Ultimately, because the CPM does not set out "judicially manageable standards" that meaningfully constrain agency discretion,

Plaintiffs cannot overcome the presumption that their action challenging agency investigatory decision making is immune from review. *Chaney*, 470 U.S. at 830; *see also Swift v. United States*, 318 F.3d 250, 253 (D.C. Cir. 2003) (finding nonreviewability where the law did not "circumscribe[] the government's power to discriminate among issues or cases it will pursue").

Plaintiffs' opening brief cites to an out-of-Circuit decision, *Pearl River Union Free School District*. v. *King*, 214 F. Supp. 3d 241 (S.D.N.Y. 2016), to seemingly argue otherwise. Appellants' Br. at 16. In that case, the court considered whether an allegedly "unwritten" OCR policy violated the CPM. *Pearl River*, 214 F. Supp. at 243-44. The court dismissed the plaintiff's complaint as not challenging final agency action, but remarked, in dicta, that "for what it may be worth," the CPM "looks to have" provided judicially manageable standards. *Pearl River*, 214 F. Supp. at 257.

That court's uncertain, passing statement is of minimal, if any, import. More relevant is the district court's decision in *Freedom Watch, Inc. v. McAleenan*, 442 F. Supp. 3d 180 (D.D.C. 2020). There, the court considered an APA challenge of an agency regulation that ordered the

agency to, upon receipt of a third-party complaint with a substantial probability of validity, conduct an investigation. *Id.* at 195 (regulation stating the agency "must investigate" in such instance). The court held that, notwithstanding the regulation's mandatory language, § 701(a)(2)'s presumption against review applied because the regulation also included language that impliedly bestowed discretion on the agency. *Id.* at 199. So, too, here. To the extent the CPM includes mandatory language directing OCR to open an investigation in any instance, as discussed above, it reserves discretion to OCR in making such determination and in maintaining any opened investigation.

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be affirmed.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

JOHNNY H. WALKER, III

*/s/ William Thanhauser*

WILLIAM THANHAUSER
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
(202) 252-7706
william.thanhauser@usdoj.gov

*Attorneys for the United States of America*

Dated: June 22, 2026

## CERTIFICATE OF COMPLIANCE

(Fed. R. App. P. 32(a)(7)(B))

This brief is prepared using 14-point Century Schoolbook, a proportionally spaced font and—omitting the items described in Federal Rule of Appellate Procedure 32(f) and D.C. Circuit Rule 32(e)(1)—contains 5,698 words as counted by Microsoft Word 365.

*/s/ William Thanhauser*
WILLIAM THANHAUSER
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of June, 2026, I caused a true and correct copy of the above brief to be served upon all counsel of record by filing the brief using the Court's ECF system.

*/s/ William Thanhauser*
WILLIAM THANHAUSER
Assistant United States Attorney